IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY A. BRISKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-52-SMD |
| | ) |
| MARTIN J. O'MALLEY,[1] | ) |
| *Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

**OPINION & ORDER**

Plaintiff Anthony A. Brisker ("Brisker") applied for Supplemental Security Income ("SSI") on August 4, 2020, alleging he became disabled on March 1, 2019, which he later amended to August 4, 2020. Tr. 45, 233-36, 326. Brisker's application was denied at the initial administrative level, and Brisker requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 107-125, 146-49. After a hearing, the ALJ found on July 27, 2022, that Brisker was not disabled. Tr. 45-57, 63-95. Brisker appealed the ALJ's decision to the Social Security Appeals Council (the "Appeals Council"), which denied review. Tr. 1-7. Therefore, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Brisker now appeals that decision under 42 U.S.C. § 405(g). For the

---

[1] On December 18, 2023, the United States Senate confirmed Martin O'Malley as Commissioner of the Social Security Administration. Thus, the Court substitutes O'Malley for his predecessor, Kilolo Kijakazi. *See* FED. R. CIV. P. 25(d)(1).

reasons that follow, the undersigned AFFIRMS the Commissioner's decision.[2]

## I.     STATUTORY FRAMEWORK

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). In making a benefits determination, an ALJ employs a five-step process:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3] A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th

---

[2] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate Judge conducting all proceedings and entering final judgment in this appeal. Pl.'s Consent (Doc. 7); Def.'s Consent (Doc. 6).

[3] *McDaniel* is a SSI case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine wshether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

Cir. 2004). A claimant's RFC is what the claimant can still do—despite his impairments—based on the relevant evidence within the record. *Id.* The RFC may contain both exertional and non-exertional limitations. *Id.* at 1242-43. Considering the claimant's RFC, the ALJ determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy the claimant can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines ("Grids")[4] or (2) the testimony of a vocational expert ("VE").[5] *Id.* at 1239-40.

## II.     STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the correct legal standards were applied. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial

---

[4] The Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *See* 20 C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[5] A vocational expert is an "expert on the kinds of jobs an individual can perform based on his or sher capacity and impairments." *Phillips*, 357 F.3d at 1240.

evidence, or the proper legal standards were not applied in the administrative proceedings. *Carnes v. Sullivan*, 936 F. 2d 1215, 1218 (11th Cir. 1991). A court is required to give deference to factual findings, with close scrutiny to questions of law. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145 (11th Cir. 1991).

"Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Despite the limited nature of review, a court must scrutinize the record in its entirety and take account of evidence that detracts from the evidence relied on by the ALJ. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius*, 936 F. 2d at 1145.

### III. ADMINISTRATIVE PROCEEDINGS

Brisker was 30 years old when he applied for benefits and 32 years old on the date of the ALJ's decision. Tr. 56, 107. He has a limited education and no past relevant work. Tr. 55-56, 92-93, 220, 263. Brisker alleged disability due to pancreatitis, back problems, and high blood pressure. Tr. 262.

In the administrative proceedings, the ALJ made the following findings with respect to the five-step evaluation process for Brisker's disability determination. At step one, the ALJ found that Brisker has not engaged in substantial gainful activity since his application date. Tr. 48. At step two, the ALJ found that Brisker had the severe impairments of

pancreatitis, back problems, and hypertension. Tr. 48. At step three, the ALJ found that Brisker did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 48-49.

The ALJ proceeded to determine Brisker's RFC, holding that he has the capacity to perform light work with some additional limitations. Tr. 50-55. At step four, the ALJ found that Brisker had no past relevant work. Tr. 55. At step five, the ALJ relied on the testimony of a VE and determined that "considering [Brisker's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [he] can perform." Tr. 56. Accordingly, the ALJ found that Brisker was had not been under a disability since the date of his application. Tr. 57.

## IV. BRISKER'S ARGUMENTS

Brisker argues that the Commissioner erred by denying his request for review of the ALJ's decision based on new evidence he submitted. Pl.'s Br. (Doc. 5) pp. 5-6. This argument fails.

## V. ANALYSIS

With a few exceptions, a claimant is allowed to present additional evidence related to his disability at each stage of the Social Security administrative process. *See* 20 C.F.R. § 404.900(b). If a claimant presents additional evidence to the Appeals Council after an ALJ has rendered an unfavorable decision regarding disability, the Appeals Council must consider the additional evidence if it "is new, material, and relates to the period on or before the date of the hearing decision." 20 C.F.R. § 404.970(a)(5); *Hunter v. Soc. Sec. Admin,*

*Comm'r*, 705 F. App'x 936, 939 (11th Cir. 2017). Evidence is new when it is noncumulative of the evidence before the ALJ. *Beavers v. Soc. Sec. Admin., Comm'r*, 601 F. App'x 818, 821 (11th Cir. 2015). Evidence is material if there is a reasonable probability that it would change the administrative results. *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). And evidence is chronologically relevant when "it relates to the period on or before the date of the [ALJ's] hearing decision." *McCullars v. Comm'r Soc. Sec. Admin.*, 825 F. App'x 685, 692 (11th Cir. 2020) (per curiam) (quoting 20 C.F.R. § 416.1470).

"[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Washington v. Soc. Sec. Admin, Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015). The Appeals Council's decision is subject to judicial review under sentence four of section 405(g). *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1265 (11th Cir. 2007). Pursuant to a sentence four remand, a reviewing court must determine if the new, material, and chronologically relevant evidence submitted "renders the denial of benefits erroneous." *Id.* at 1262. For a court to find the denial of benefits erroneous, the plaintiff must show that "in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence[.]" *Timmons v. Comm'r of Soc. Sec.*, 552 F. App'x 897, 902 (11th Cir. 2013) (citing *Ingram*, 496 F.3d at 1266-67). On the other hand, if the "additional evidence [is] either cumulative of the evidence before the ALJ or [is] not chronologically relevant, and none of it undermine[s] the substantial evidence supporting the ALJ's decision," the

Commissioner's decision is due to be affirmed. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 785 (11th Cir. 2014).

Brisker submitted additional medical evidence to the Appeals Council from Baptist Medical Center South pertaining to treatment for pancreatitis between August 17, 2022, and August 30, 2022. Tr. 11-31. These records indicate that Brisker complained of abdominal pain and symptoms similar to those experienced during prior flares of pancreatitis. Tr. 11, 19. Brisker was diagnosed with pancreatitis, acute pancreatitis, pancreatitis pseudocyst, and abdominal pain. Tr. 14, 23. A CT of Brisker's abdomen showed inflammation of the pancreatic head compatible with acute pancreatitis and a 2cm cyst compatible with prior pancreatic pseudocyst. Tr. 22-23. The Appeals Council denied Brisker's request for review, concluding that the new evidence did not provide a basis for changing the ALJ's decision because it did not relate to the period at issue and would not affect the outcome of the ALJ's decision. Tr. 1-2. The Court agrees.

First, Brisker has not shown that the records submitted to the Appeals Council after the ALJ's decision are relevant to the alleged disability period. In conclusory fashion, Brisker argues that the records are chronologically relevant because they relate to his severe impairment of pancreatitis. Pl.'s Br. (Doc. 5) pp. 5-6. But while the records indicate that Brisker sought additional treatment for pancreatitis after the ALJ's decision, they do not, on their face, relate to the nature and extent of Brisker's pancreatitis-related limitations for the chronologically relevant period. Thus, the undersigned finds that the Appeals Council did not err in finding that the records were not chronologically relevant. *See Ring v. Soc.*

*Sec. Admin.*, 728 F. App'x 966, 969 (11th Cir. 2018) (finding no chronological relevance for evidence submitted to the Appeals Council because physician did not "discuss his findings in relation to [the claimant's] earlier medical records, and his evaluation does not appear to be based on that material); *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309-10 (11th Cir. 2018) (finding that the new medical records submitted to the Appeals Council were not chronologically relevant because there was nothing in them indicating that the doctors considered the claimant's past medical records or that the information in them relates to the period at issue); *Parker v. Saul*, 2021 WL 256635, at *5 (N.D. Ala. Jan. 26, 2021) (treatment records from after an ALJ's hearing decision are not chronologically relevant if nothing in new medical records indicate the doctors considered the claimant's past medical records or that the information relates to the period at issue) (internal quotations omitted).

But even if the records are chronologically relevant, Brisker has not shown that they are material. Again in conclusory fashion, Brisker contends that, had the ALJ considered the records, they "could reasonably have resulted in additional non-exertional limitations in the RFC finding[]" because they show that Brisker was unable to sustain fulltime work due to absenteeism. Pl.'s Br. (Doc. 5) pp. 5-6. However, at best, the records show that Brisker continued to complain of symptoms related to pancreatitis and that he sought treatment for those symptoms. They do not show that Brisker had more limitations—including excessive absenteeism—that the ALJ should have accounted for in his RFC. Thus, because Brisker has not shown that the records had a reasonable probability

8

of changing the administrative result, the undersigned finds that the Appeals Council did not err in finding that the records were not material.

## VI. CONCLUSION

Brisker has not shown that—in light of the new evidence submitted to the Appeals Council—the ALJ's decision to deny benefits is not supported by substantial evidence. Accordingly, it is ORDERED that the Commissioner's decision is AFFIRMED. A separate final judgment will issue.

DONE this 23rd day of February, 2024.

_/s/ Stephen M. Doyle_
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE